**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Joaquin HERNANDEZ–HOLGUIN, also
known as Joaquin A. Hernandez, also
known as Mauricio Ramirez–Hernandez, Defendant–Appellant.**

**No. 08–50801
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 29, 2009.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal, Public Defender Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM: *

Joaquin Hernandez–Holguin (Hernandez) appeals the 30–month sentence imposed following his guilty plea conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326. He contends that his sentence is not entitled to a presumption of reasonableness because it was calculated pursuant to U.S.S.G. § 2L1.2, which he argues is not supported by empirical evidence. He further contends that his sentence was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a)(2).

Hernandez's contention that his sentence is not entitled to a presumption of reasonableness because the relevant guideline is not supported by empirical evidence is without merit. *See United States v. Mondragon–Santiago,* 564 F.3d 357, 366–67 (5th Cir.2009). Hernandez's sentence is presumptively reasonable. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). Moreover, the district court addressed the factors set out at 18 U.S.C. § 3553(a) when imposing his sentence. Hernandez has failed to rebut the presumption of reasonableness.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.